United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-60580
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKY HOLLINS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
(1:04-CR-152-1)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ricky Hollins appeals his jury conviction of child-pornography possession and his sentence.

First, Hollins contends the evidence of child pornography should have been suppressed because it was beyond the search warrant's scope. "We review a motion to suppress based on live testimony at a suppression hearing for clear error, viewing evidence in the light most favorable to the prevailing party".

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Garza*, 118 F.3d 278, 282 (5th Cir. 1997), *cert. denied*, 522 U.S. 1051 (1998).

A police investigator, searching for evidence of other crimes under a valid warrant (items to be seized included electronic and magnetic storage devices), inadvertently discovered an image of child pornography in plain view on Hollins' computer; he discontinued his search until he obtained a new, valid warrant authorizing a search for child pornography. Accordingly, the district court did not err by denying the motion to suppress. *See id*. at 282-83; *see also United States v. Walser*, 275 F.3d 981, 987 (10th Cir. 2001), *cert. denied*, 535 U.S. 1069 (2002).

Hollins also contends his sentence is invalid under *United States v. Booker*, 543 U.S. 220 (2005), because it was based on facts not found by the jury. Post-*Booker*, the district court sentenced Hollins under advisory Guidelines, pursuant to *Booker*, 543 U.S. at 245-46. Hollins fails to show either the district court's factual findings were clearly erroneous or his sentence was unreasonable. *See United States v. Vargas-Garcia*, 434 F.3d 345, 348-49 (5th Cir. 2005); *United States v. Mares*, 402 F.3d 511, 517-19 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005)).

*AFFIRMED*

2